1

2

3

4

5

6                                 IN THE UNITED STATES DISTRICT COURT

7

8                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    SYED S. NAQVI,

11                    Plaintiff,                                    No. C 14-00168 WHA

12        v.

13    US MEDICAL HOME, INC., HARVARD                                **ORDER GRANTING**
      BUSINESS SERVICES, INC., MICHAEL                              **PLAINTIFF'S MOTION**
14    KESELICA, GRACE KULIK, SEAN HEALEY                            **TO REMAND AND**
      (in their individual and official capacities), and           **VACATING HEARINGS**
15    DOES 1 through 50, inclusive,

16                    Defendants.

17    _____/

18                                       **INTRODUCTION**

19            In this fraud action, plaintiff moves to remand to state court based on lack of consent

20    of all defendants to the removal.  To the extent stated below, plaintiff's motion is **GRANTED**.

21    The hearings on the remaining motions in this action, set for April 10, May 1, and May 8, are

22    hereby **VACATED AS MOOT**.

23                                        **STATEMENT**

24            Pro se plaintiff, Syed Naqvi, filed this action in state court in November 2013 seeking

25    damages for intentional misrepresentation and negligence allegedly arising from a $40,000

26    investment in US Medical Home, Inc. ("USMH").  Defendants in this action are (1) USMH;

27    (2) Harvard Business Services, Inc.; (3) Michael Keselica; (4) Grace Kulik; (5) Sean Healey;

28

*United States District Court*
For the Northern District of California

and (6) Does 1–50.  The action was removed on January 13, 2014, by defendant Keselica on the basis of diversity jurisdiction.  28 U.S.C. 1332.

Plaintiff moves to remand this action to the Superior Court of California for the County of Contra Costa in January 2014.  The motion is premised on the grounds that:  (1) Keselica failed to obtain the unanimous consent of all defendants; (2) USMH's consent to removal was improper; (3) the amount in controversy is only $40,000; and (4) the removal was untimely.  Oppositions were due by March 11.  None were filed.  This order need only address whether Keselica's notice of removal was procedurally defective with regard to the unanimity requirement.

**ANALYSIS**

The central issue is whether all defendants properly consented to the removal.  "If the district court discovers that all defendants have not joined or consented to removal, it must remand the case."  *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009).  Section 1446(b) of the United States Code states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .  When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

"In the Ninth Circuit, removal is procedurally defective if there is a lack of 'unanimity' between co-defendants."  *Hafiz*, 652 F. Supp. 2d at 1052.  A narrow exception to the unanimity rule is recognized where removal consent is not obtained from "nominal, unknown or fraudulently joined parties."  *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).  Barring this exception, all defendants must either join or consent within thirty days to the removal notice.  28 U.S.C. 1446(b).  The removing party must exercise due diligence to determine whether other defendants have been served and has the burden of affirmatively explaining the absence of any co-defendants in the event that fewer than all co-defendants have joined in a removal action.  *Orozco v. EquiFirst Corp.*, No. 08-8064, 2008 WL 5412364, at *1 (C.D. Cal. 2008); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999),

United States District Court

For the Northern District of California

2

**United States District Court**
For the Northern District of California

*overruled on other grounds by Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

On the record, the removal was defective because Keselica failed to obtain joinder or consent of all defendants who had been served at the time of removal. Harvard Business Services never joined or consented to the removal. This alone is enough to remand.

In the notice of removal, Keselica alleges that service has yet to be sought for defendants Kulik, Healey and Harvard Business Services. Not so. A proof of service of summons indicates that Harvard Business Services (who also allegedly acts as USMH's agent for service) was served on December 2, more than a month before Keselica filed his notice of removal (Dkt. No. 25, Exh. 4). Keselica does not allege what due diligence he undertook, if any, to determine whether other defendants had been served. As a purported director and shareholder of USMH, Keselica should have first attempted to contact USMH's agent for service, Harvard Business Services, to determine whether it had been served. Given these facts — and the lack of opposition to plaintiff's motion for remand — this order finds that Keselica did not perform the requisite due diligence to ascertain if other defendants had been served.

In addition to Harvard Business Services' lack of consent, USMH's "consent" was improper because it was submitted by Keselica, allegedly in his capacity as a USMH director and shareholder. There are two problems. One is a matter of corporate governance. A shareholder and a director do not have authority to act for the corporation. A duly adopted board resolution or an action by an officer within the scope of his or her authority is required. Another is who can represent a corporation in court. Local Rule 3-9(b) states that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Non-attorneys are barred from representing a corporation. Here, defendant USMH is a corporation within the meaning of Local Rule 3-9(b), and only a member of this district's bar may represent USMH. Nothing in the record indicates that Keselica is an attorney or may represent USMH by filing a consent to removal on its behalf.

As for defendant Kulik, she consented to the removal. Her consent, however, is moot because *all* defendants must consent to the removal.

3

United States District Court

For the Northern District of California

1   The parties dispute whether Healey was served.  Plaintiff provided a proof of service of

2   summons on Healey at USMH's address in Washington, D.C., but Keselica alleges that Healey

3   is not in Washington and cannot be found or served at USMH's Washington address as he is no

4   longer affiliated with USMH.  Regardless, the order bases its finding on the procedural defect

5   on Keselica's failure to obtain Harvard Business Services' joinder or consent to the notice of

6   removal and Keselica's improper representation of USMH.  Accordingly, the motion to remand

7   is **GRANTED**.

8                                     **CONCLUSION**

9         To the extent stated above, plaintiff's motion to remand is **GRANTED**.  The hearings

10  on the remaining motions in this action, set for April 10, May 1, and May 8, are hereby

11  **VACATED AS MOOT**.  The action shall be remanded to the Superior Court of California for the

12  County of Contra Costa.

13

14        **IT IS SO ORDERED.**

15

16  Dated:  March 31, 2014.

17                                    WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

4