United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYED S. NAQVI,

    Plaintiff,

v.

U.S. MEDICAL HOME INC., HARVARD BUSINESS SERVICES INC, MICHAEL KESELICA, GRACE KULIK, and SEAN HEALEY,

    Defendants.
                                          /

No. C 14-00168 WHA

**ORDER DENYING MOTION TO RECONSIDER OR VACATE**

*Pro se* defendant Michael Keselica moves to reconsider — or alternatively, to vacate — the March 31 order, which remanded this action to state court following Keselica's removal. Specifically, the March 31 order determined that unanimous consent from defendants was lacking, due to "the procedural defect on Keselica's failure to obtain [defendant] Harvard Business Services' joinder or consent to the notice of removal and Keselica's improper representation of [defendant U.S. Medical Home Inc.]" (Dkt. No. 49). Keselica's motion now asserts (1) "the availability of new evidence," and (2) "the need to correct clear error or prevent manifest injustice," in seeking to reconsider or vacate (Dkt. No. 53).

For three reasons, Keselica's motion is **DENIED**. *First*, the undersigned judge no longer has jurisdiction to review the motion. Section 1447(d) of Title 28 of the United States Code provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise . . .*" (emphasis added). "[T]his language has been universally

construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988). Here, the Clerk certified the remand order *prior to* the filing of Keselica's motion, albeit both took place on the same day.

*Second*, Keselica cites Civil Local Rule 7-9 and Federal Rules of Civil Procedure 51 and 59(e), none of which permit the relief that he now seeks. Rule 7-9(a) states that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Keselica, however, has not obtained such leave. Moreover, Rules 51 and 59(e) do not apply to motions for reconsideration; they instead govern jury instructions and amendments to judgments, respectively.

*Third*, even if this order could consider Keselica's motion under Rule 7-9, his request still fails. Rule 7-9(b) states (emphasis added):

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, *a material difference in fact* or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, the focus of Keselica's motion is that there is "new evidence," *i.e.*, his "nunc pro tunc" opposition to remand which he reportedly mailed to the Clerk but which was "never recorded, properly or at all, by the Clerk's Office of this Court" (Dkt. No. 53). For support, Keselica submits his opposition, which alleges that HBS was fraudulently joined in this action and that USMH's bylaws allow officers, directors, and shareholders to act on the company's behalf. It would therefore be unfair, in Keselica's view, to remand this action without

2

considering his opposition. Because Keselica declares that he mailed his opposition *before* the March 31 order, only Rule 7-9(b)(1) applies (*see* Keselica Exh. 3 at ¶ 3).

This order finds no material difference in fact from what was previously presented. Keselica's opposition does not change the finding that removal was procedurally defective, especially as to USMH. As explained in the March 31 order, Keselica's attempt to "consent" to removal on USMH's behalf was problematic, in part because the civil local rules require an attorney of this district's bar to represent USMH. *See* Civ. L.R. 3-9(b). Because nothing in the record indicates that Keselica is an attorney, USMH's "consent" remains improper. His present motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: April 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE