IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYED S. NAQVI,

    Plaintiff,

v.

U.S. MEDICAL HOME INC., HARVARD BUSINESS SERVICES INC, MICHAEL KESELICA, GRACE KULIK, and SEAN HEALEY,

    Defendants.

No. C 14-00168 WHA

**ORDER DENYING MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL**

Under Section 1292(b) of Title 28 of the United States Code, *pro se* defendant Michael Keselica moves for leave to take an interlocutory appeal to our court of appeals. In his motion, he lists thirteen "reversible errors" that were reportedly committed in the orders dated March 31, 2014, and April 7, 2014 (*see* Dkt. Nos. 49, 54). The March 31 order had remanded this action to state court after finding that defendants did not unanimously consent to removal. That order did not decide venue, as Keselica now contends. The April 7 order then denied Keselica's motion for reconsideration of the remand. Of note, Keselica has already filed a notice of appeal on April 7, 2014 (Dkt. No. 55).

Keselica's latest motion is **DENIED**. Section 1292(b) states (emphasis added):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing*

> *in such order*. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, [t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This order will not discuss every "reversible error" that Keselica now claims, suffice it to say that *on the remand decisions that he seeks to appeal*, he has presented no controlling question of law as to which there is substantial ground for difference of opinion. Among other reasons, the March 31 order remanded this action because Keselica's attempt to "consent" on behalf of defendant U.S. Medical Home Inc. did not comply with our civil local rules. Specifically, Rule 3-9(b) requires that an attorney of this district's bar represent a corporation such as USMH, but nothing in the record indicates that Keselica is an attorney. This is a binding rule in our district, even if inapplicable in other jurisdictions (*e.g.*, the Northern District of Illinois), and there exists no "question of law" as to this rule.

Nonetheless, Keselica argues that "the Ninth Circuit has not rendered decisions upon . . . [whether] a Motion for Remand [is] a Dispositive or Non-Dispositive Motion" (Br. 19). Even if true, the issue of whether a remand motion is dispositive was not raised for the March 31 and April 7 orders, much less "involved" in those orders. *See* 28 U.S.C. 1292(b). Moreover, this order again notes that under Section 1447(d) of Title 28 of the United States Code, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." Keselica's Section 1292(b) motion is accordingly **DENIED**.

**IT IS SO ORDERED.**

Dated: April 23, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

United States District Court  
For the Northern District of California

2